[Civ. No. 995.   Second Appellate District.—November 20, 1911.]

HENLEY, HALFHILL & NICKLIN, a Copartnership, Appellant, v. WM. CLAGUE, Respondent.

BROKERS' COMMISSIONS—EXCHANGE FOR ENCUMBERED REALTY—CONDI-TION PRECEDENT NOT PERFORMED—EXTENSION OF MORTGAGES—COMMISSIONS NOT RECOVERABLE.—Where an owner of land in Orange county engaged a firm of brokers to negotiate an exchange thereof for specified real property in Los Angeles county, which was encum-bered with certain mortgages, making it a condition precedent to the exchange that the time for payment of the mortgages thereon should be extended, and, if successful in such negotiation, promised to such firm of brokers a commission of $1,000, the mere assent of the owner of such mortgaged lots to the terms of sale, without pro-curing any extension of time from the third parties who owned the mortgages, cannot entitle such firm to recover any commissions, the condition precedent to the recovery of which has not been performed, and the performance of which devolved upon that firm.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellant.

T. F. McDonald, and Tanner, Taft & Odell, for Respondent.

ALLEN, P. J.—The action is one to recover commissions by real estate brokers. Judgment went for defendant, from which, and an order denying a new trial, plaintiff appeals.

The facts are these: One Doig was the owner of certain real property in Orange county. In October, 1908, he exe-cuted an instrument through which he declared that he had placed with plaintiff his property, which he desired to ex-change for certain specified property in the city of Los Angeles; that upon the latter property were certain mort-gages; that as a condition precedent to the trade an extension of time for the payment of such mortgages should be secured, ten days being given therefor. Plaintiff procured defendant,

who was the owner of the Los Angeles property, to indorse on such written proposition an acceptance thereof upon the terms therein stated, and an agreement to pay $1,000 commission for said exchange. The extension of time for the payment of the mortgages was never procured by anyone and the exchange was never effected, notwithstanding which, plaintiff, as a broker, claims from defendant Clague the $1,000 commission to be paid upon the exchange.

We perceive no error in the record. The condition precedent to the exchange was one over which neither Doig nor Clague had any control, the record disclosing that these encumbrances were owned by third parties. Doig's proposition was based upon the procurement of the extension of time by someone not specified. Clague accepted the proposition made by Doig upon the terms stated therein. It is obvious from a reading of the agreement that it was the intention of the parties that the plaintiff should procure the extension of time, a necessary condition precedent to the exchange, without which neither party contemplated an exchange. Plaintiff never procured such extension, nor did any other person, and, under the agreement, no contract of exchange was enforceable. Plaintiff never found a customer willing and able to enter into a contract for the sale or exchange of the property absolutely, but only upon a condition which was never performed, and the performance of which devolved upon plaintiff.

Judgment and order affirmed.

James, J., and Shaw, J., concurred.